**Dated: November 10, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brian Matthew Hobbs, | ) | |
| | ) | Case No. 22-10330-JDL |
| Debtor. | ) | Chapter 7 |
| | ) | |
| First National Bank & Trust | ) | |
| Company Weatherford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 22-01049 |
| | ) | |
| Brian Matthew Hobbs, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

### I. Introduction

This is an adversary proceeding brought by a bank asserting that the loan obtained by the debtor was based upon false and fraudulent representations and thus non-

dischargeable under the provisions of Bankruptcy Code § 523(a)(2)(A) and (B).[1]  Debtor has filed his motion to dismiss asserting that the bank cannot prove the elements necessary for a determination of non-dischargeability.  Before the Court for consideration are:

1. The *Adversary Complaint* (the "Complaint") of Plaintiff First National Bank & Trust Company Weatherford (the "Bank") [Adv. Doc. 1 ];[2]

2. *Brian Hobbs' Motion to Dismiss Plaintiff's Adversarial Complaint for Failure to Prosecute the Case Diligently and For Seeking Relief Not Warranted Nor Permissible* (the "Motion") [Adv. Doc. 8]; and

3. *Response to Motion to Dismiss* filed by the Bank [Adv. Doc. 11].

Pursuant to Fed. R. Bankr. P. 7054 and 9014, the below constitute the Court's Findings of Fact and Conclusions of Law.[3]

## II. Jurisdiction

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 1334(b), and

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

The Bank's Complaint also requests "that this Court grant a declaratory judgment finding that First National Bank Weatherford's debt is fully secured... and that RCB Bank be ordered to repay First National Bank Weatherford the $190,000 which was paid to RCB Bank by First National Bank Weatherford, and to reinstate the priority of this $190,000 debt owed to RCB Bank by the Debtor."  Obviously this Court cannot grant such relief.  First, RCB Bank is not a party to this adversary.  Second, it is doubtful whether this Court would have jurisdiction to adjudicate a priority dispute between two non-debtor banks. The Court assumes that the requested relief against RCB Bank was included in the Complaint by mistake.

[2] References herein to the docket of this adversary proceeding appear in the following form: Adv. Doc. __ .

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

157(a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCvR 81.4(a).  This matter seeking a determination of an objection to the dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(a)(2)(I).  Venue is proper pursuant to 28 U.S.C. § 1409.

### III.  The Standards for a Motion to Dismiss

#### A. Standards in General.

A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed. R. Civ. P., made applicable to adversary proceedings by Rule 7012.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994).  In evaluating a motion to dismiss, the court may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference. *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.,* 680 F.3d 1194, 1201 (10th Cir. 2011)*; In re Woods,* 2021 WL 4237309, at *2 (Bankr. N.D. Okla. 2021).  *See also* Fed. R. Civ. P. 10(c) made applicable to this proceeding by Rule 7010 ("A copy of a written instrument as an exhibit to a pleading is part of the pleading for all purposes.").

In considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taken as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d

1036, 1039 (10th Cir. 2006). "That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." *Higginbottom v. Mid-Del School District,* 2016 WL 951691, at *2 (W.D. Okla. 2016). The Court must not "weigh potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint. *Sutton v. Utah State School for the Deaf And Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

To survive a motion to dismiss, a complaint must contain enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In applying *Twombly's* "plausibility standard," the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). Although the complaint need not recite "detailed factual allegations,... the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted); *In re Ward*, 589 B.R. 424, 427 (Bankr. W.D. Okla.

2018); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10ᵗʰ Cir. 2013)**;** *Lamar v. Boyd,* 508 Fed.

Appx. 711, 713-14 (10ᵗʰ Cir. 2013); *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d

1174, 1177 (10ᵗʰ Cir. 2007) (a complaint must give the court reason to believe the plaintiff

has a reasonable likelihood of mustering factual support for the claims raised).

To summarize the above law, a strong presumption exists against the dismissal of

claims under Rule 12(b)(6). *Cottrell, Ltd. v. Biotrol Int'l Inc.*, 191 F.3d 1248, 1251 (10ᵗʰ Cir.

1999).  Motions to dismiss are "viewed with disfavor and [are] rarely granted." *In re Berg*,

604 B.R. 910, 914 (Bankr. W.D. Okla. 2019) (quoting *Rodriguez v. Cyr (In re Cyr),* 602 B.R.

315, 322 (Bankr. W.D. Tex. 2019) (quoting Leal v. McHugh, 731 F.3d 405, 410 (5ᵗʰ Cir.

2013).  Thus, "[d]ismissal of a complaint is appropriate only if it appears beyond a doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled

to offer evidence to support his claims." *State of Colorado v. Wine (In re Wine),* 558 B.R.

438, 441 (Bankr. D. Colo. 2016). "[A] well-pleaded complaint may proceed even if it strikes

a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is

very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting

*Twombly,* 550 U.S. at 556).

**B.  The Standards of Pleading Fraud under Rule 9(b).**

A plaintiff must plead "a short and plain statement of the claim showing that the

pleader is entitled to relief." Rule 8(a)(2).[4]   Fraud claims, however, must meet more

---

[4] Rule 8 of the Fed. R. Civ. P. is made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

stringent standards. See Rule 9(b).[5]  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*.  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902, 2000 WL 1595976, *3 (10th Cir. 2000) (unpublished); *Two Old Hippies, LLC v. Catch The Bus, LLC,* 784 F.Supp.2d 1200, 1208 (D. N.M. 2011); *Midgley v. Rayrock Mines, Inc*., 374 F.Supp.2d 1039, 1047 (D. N.M. 2005) ("To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'").

### IV. The Allegations of the Complaint.

Since a motion to dismiss is judged on the well-pled allegations of a complaint being accepted as true, the substantive allegations of plaintiff's Complaint, [Adv. Doc. 1], need be examined, and the Court must determine whether the Complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

The Complaint alleges that in December 2019, True Colours, Inc. ("True Colours"), a corporation wholly owned and controlled by the debtor, obtained two loans from the Bank, one loan for $250,000 to be paid over a five-year period and second loan of $100,000 to be paid in one year from the date of the loan.  The debtor personally guaranteed both loans.  The loans were to be secured by a security interest in the

---

[5] Rule 9 of the Fed. R. Civ. P. is made applicable to adversary proceedings by Fed. R. Bankr. P. 7009.

inventory, accounts, general intangibles and equipment of True Colours.

At the time of the loans the inventory, accounts, general intangibles and equipment of True Colours were subject to a perfected, first priority security interest in favor of RCB Bank.  The Bank alleges that at "many times" during the loan process the debtor made representations that the loans to the Bank would be used to pay off *in full* the debt owed by True Colours to RCB Bank.  The Bank alleges that at the time it made the loan to True Colours it was led to believe that once it paid off the debt to RCB Bank it would be the sole bank creditor of True Colours, and that it would have a first priority secured position on all collateral owned by True Colours.

On December 11, 2019, at the Bank's request, the debtor obtained a "pay-off request" from RCB Bank which showed a payoff of $190,479.58 which stated that "upon receiving the correct payoff, *all* RCB Bank liens will be released." (emphasis added.) [Adv. Doc. 1-1, Ex. H].  When the loan proceeds were disbursed on December 16, 2019, the Bank issued a cashier's check to RCB Bank in the amount of $190,479.58. [Adv. Doc. 1-1, Ex. I].  While the Bank believed it was paying off all debt owed to RCB Bank and obtaining the release of collateral, in fact, there were additional loans "in excess of $250,000" which True Colours owed RCB Bank, guaranteed by debtor, which were secured by inventory, accounts, general intangibles and equipment of True Colours.  Thus, the Bank only obtained a subordinate lien position on collateral and was under secured.

The Complaint further alleges that the debtor's personal financial statement which he provided to the Bank in conjunction with the December 2019 loans failed to disclose any direct or contingent liabilities to RCB Bank despite the fact that he had personally

guaranteed all the RCB loans. [Adv. Doc. 1-1, Ex. D].

In sum, the Bank asserts that loans obtained by True Colours, through the debtor as the president and sole shareholder, were induced by, and relied upon, the debtor's false, misleading statements that the Bank would hold a first priority security interest in True Colours' inventory, accounts, equipment, general intangibles after the payoff of the RCB Bank debt.

The Bank's objection to dischargeability is predicated on § 523(a)(2)(B) which provides, in pertinent part, that individual debtor is not discharged from any debt -

> (2) for money, property, services, or any extension, renewal, or
> refinancing of credit, to the extent obtained by –
> ****
> (B) use of a statement in writing –
> (I) that is materially false;
> (ii) respecting the debtor's or an insider's financial
> condition
> (iii) on which the creditor to whom the debtor is liable for
> such money, property, services, or credit reasonably
> relied; and
> (iv) that the debtor caused to be made or published with
> intent to deceive.

The Court has carefully examined the Complaint and all exhibits incorporated therein. From this set of documents, taken in a light most favorable to the Bank, the Court may reasonably infer the following: the Bank loaned the debtor's company $250,000, guaranteed by the debtor, for purpose of refinancing debt owed to RCB Bank; the Bank relied upon the representations of the debtor that the debt to RCB Bank would be paid in full by the loans; based upon representations of the debtor, the Bank believed that with the payoff of the RCB indebtedness, it would hold a first priority security interest in the

8

inventory, accounts, equipment and general intangibles of the debtor's company, True Colours; the debtor furnished the Bank with a payoff statement prepared by RCB Bank which, unbeknownst to the Bank, was a payoff on only one of several loans held by RCB Bank; in conjunction with the loans; the debtor furnished the Bank his personal financial statement which failed to disclose his obligation as a guarantor of the debt to RCB Bank; and as a result of debtor's misrepresentations the Bank's security interest in the collateral was subordinate to the security interest of RCB Bank, and the Bank, to some degree, was unsecured.  The Court finds that under the standards of a motion to dismiss the Bank has sufficiently stated a claim for relief under § 523(a)(2)(B).

The *pro se* debtor's motion to dismiss is not premised upon the standards applicable to such motions; rather, he seeks dismissal based upon what he views as the evidentiary merits of his defense, including a claim that the Bank has failed to diligently prosecute its claim.  Indeed, he prefaces the body of his Motion by stating its purpose is that it "will refute each of the above elements (under §523(a)(2)(B)) and prove that the Plaintiff has in fact attempted to deceive this Court in an attempt to use the 523 Exception to avoid discharging the Debtor's Personal Guarantee." Debtor then proceeds to present his side of the case on its merits, addressing each and every claim made by the Bank in its Complaint.  What he says may or may not be true, but a trial, not a motion to dismiss, is the proper means by which to determine whether the Bank can sustain its burden of proof for the debt to be non-dischargeable.  Accordingly,

**IT IS ORDERED** that the debtor's motion to dismiss plaintiff's Complaint [Adv. Doc. 8] is **Denied**.  Pursuant to Fed. R. Bankr. P. 7012(a), the debtor has **14 days** from the date of the entry of this Order within which to file his answer to the plaintiff's Complaint.

# # #

9