**Dated: May 26, 2023**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brian Matthew Hobbs, | ) | |
| | ) | Case No. 22-10330-JDL |
| Debtor. | ) | Chapter 7 |
| | ) | |
| First National Bank & Trust | ) | |
| Company Weatherford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 22-01049 |
| | ) | |
| Brian Matthew Hobbs, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is brought by a bank[1] against the Debtor[2] asserting that its loan to him was based upon false and fraudulent representations and thus non-

---

[1] Plaintiff First National Bank Weatherford is hereinafter referred to as the "Bank."

[2] Defendant/Debtor Brian Hobbs is hereinafter referred to as "Hobbs."

dischargeable under the provisions of Bankruptcy Code § 523(a)(2)(A) and (B).[3] Before the Court is *Brian Hobbs' Motion for Summary Judgment Seeking an Order to Dismiss Plaintiff's Adversarial Complaint* filed April 28, 2023 asserting that the debt owed to the Bank is dischargeable (the "Motion") [Adv. Doc. 29]. The Bank's response to the Motion was due to be filed on or before May 12, 2023, but the Bank has not responded to Hobbs' *Motion* as required by Fed. R. Bankr. P. 7056[4] and Local Rule 7056-1-C.[5]

Although the Local Rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the court granting the motion, the Court nonetheless has ruled substantively on such motions and generally does not grant dispositive motions on procedural default alone. Thus, notwithstanding a non-responding party's "consent," the Court cannot grant a motion for summary judgment based solely on the Bank's failure to respond and must consider the merits of the motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Nellcor Puritan Bennett,* 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production demonstrating it is legally entitled to judgment under Rule 56 of the Fed. R. Civ. P.); *In re Millspaugh*, 302 B.R. 90, 95 (Bankr. D. Idaho 2003) ("courts are not required to

---

[3] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq.*, unless otherwise indicated.

[4] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

[5] On May 18, 2023, the Bank filed it's *Motion to Extend Deadlines in the Case, Including the Deadline to Respond to the Pending Motion for Summary Judgment*. [Adv. Doc. 31]. The response to that motion is due on June 1, 2023. Given the Court's ruling on the Motion now before the Court, plaintiff's motion to extend will be rendered moot.

grant a request for relief simply because the request is unopposed."); *In re Nunez*, 196 B.R. 150, 156-57(9th Cir. BAP 1996) ("the granting of an uncontested motion is not an empty exercise but requires that the Court find merit to the Motion."). The Court will therefore require Hobbs to meet summary judgment standards notwithstanding the Bank's failure to come forward with any evidence and argument in opposition to the Motion.

The following constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052.

## II. Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of reference entered in this District pursuant to LCvR 81.4. This is a core proceeding to determine the dischargeability of a debt pursuant to 28 U.S.C. § 157(b)(2)(I). Furthermore, Plaintiff and Defendant have in their Complaint and Answer consented to the jurisdiction of this Court and its ability to enter a final judgment or order as provided by Bankruptcy Rules 7008 and 7012. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## III. The Allegations of the Complaint

The Complaint alleges that in December 2019, True Colours, Inc. ("True Colours"), a corporation wholly owned and controlled by Hobbs, obtained two loans from the Bank, one loan for $250,000 to be paid over a five-year period and second loan of $100,000 to be paid in one year from the date of the loan. Hobbs personally guaranteed both loans. The loans were to be secured by a security interest in the inventory, accounts, general intangibles and equipment of True Colours.

At the time of the loans the inventory, accounts, general intangibles and equipment

3

of True Colours were subject to a perfected, first priority security interest in favor of RCB Bank. The Bank alleges that at "many times" during the loan process Hobbs made representations that the loans to the Bank would be used to pay off *in full* the debt owed by True Colours to RCB Bank. The Bank alleges that at the time it made the loan to True Colours it was led to believe that once it paid off the debt to RCB Bank it would be the sole bank creditor of True Colours, and that it would have a first priority secured position on all collateral owned by True Colours.

On December 11, 2019, at the Bank's request, Hobbs obtained a "pay-off request" from RCB Bank which showed a payoff of $190,479.58 which stated that "upon receiving the correct payoff, *all* RCB Bank liens will be released." (emphasis added.) [Adv. Doc. 1-1, Ex. H, pg. 35]. When the loan proceeds were disbursed on December 16, 2019, the Bank issued a cashier's check to RCB Bank in the amount of $190,479.58. [Adv. Doc. 1-1, Ex. I, pg. 36]. While the Bank believed it was paying off all debt owed to RCB Bank and obtaining the release of collateral, in fact, there were additional loans "in excess of $250,000" which True Colours owed RCB Bank, guaranteed by Hobbs, which were secured by inventory, accounts, general intangibles and equipment of True Colours. Thus, the Bank only obtained a subordinate lien position on collateral and was under secured.

The Complaint further alleges that Hobbs' personal financial statement which he provided to the Bank in conjunction with the December 2019 loans failed to disclose any direct or contingent liabilities to RCB Bank despite the fact that he had personally guaranteed all the RCB loans. [Adv. Doc. 1-1, Ex. D, pgs. 18-19].

In sum, the Bank asserts that loans obtained by True Colours, through Hobbs as the president and sole shareholder, were induced by, and relied upon, his false and

4

misleading statements that the Bank would hold a first priority security interest in True Colours' inventory, accounts, equipment, general intangibles after the payoff of the RCB Bank debt.

The Bank's objection to dischargeability is predicated on § 523(a)(2)(B) which provides, in pertinent part, that individual debtor is not discharged from any debt -

> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –
> ****
> (B) use of a statement in writing –
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive.

### IV. Summary Judgment Standards in General

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Rule 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is

5

supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). When considering a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment. *See Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment"); *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). "[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

## V. Summary Judgment Where Showing Fraudulent Intent Required

The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(B), is a material issue which is not easily subject to adjudication by

6

summary judgment. *In re Baines*, 337 B.R. 392, 400 (Bankr. D. N.M. 2006); *In re Redden*, 234 B.R. 49, 51-52 (Bankr. D. Del.1999) (citations omitted). "As a general rule, questions involving a person's intent or other state of mind cannot be resolved by summary judgment." *In re Herrman,* 355 B.R. 287, 291 (Bankr. D. Kan. 2006) (citing *Prochaska v. Marcoux*, 632 F.2d 848, 851(10th Cir. 1980), *cert. denied* 451 U.S. 984, 101 S.Ct. 2316 (1981)); *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Questions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a fact finder after a full trial.").

## VI. Defendant's Motion for Summary Judgment

In his Motion, Hobbs attempts to refute the requisite elements of the Bank's § 523(a)(2)(B) claim; however, in attempting to do so he submits only his unverified, conclusory opinions. For example, in his "Statement of Facts"[6] he states (1) that he "vehemently denies he committed any fraud in his dealings with (the Bank) and the (Bank's President, Chris Harris, and refutes each accusation by the Bank and Chris Harris;" (2) that the Bank "provides no proof that Mr. Hobbs made any such representations, and nothing in the email threads they provide between Chris Harris of the Bank and Brian Hobbs indicate that this is the case;" (3) that the evidence, including attached documents, demonstrate that there is no evidence that all of the outstanding loans at RCB Bank would

---

[6] Rule 56 requires that the moving party "shows that there is no genuine dispute as to any material fact." Local Rule 7056-1 requires that a brief in support of a Motion for summary judgment "shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. Each fact shall be stated in a separately numbered paragraph and shall refer with particularity to those portions of the affidavits, discovery materials, documents or other parts of the record before the Court upon which the movant relies." Hobbs does not state that his "facts"are "undisputed."

be paid with the loan made by the Bank to Hobbs and "nowhere in these emails are the words 'loans will be consolidated,' as it was not Mr. Hobbs's intent." and (4) the financial statement apparently relied upon by the Bank was not Hobbs's financial statement but that of his husband.

At trial, Hobbs may well be able to introduce admissible evidence supporting his defenses; however, at this stage the Court cannot grant him summary judgment. Rule 56(c) provides summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact....." Only the specific items listed in Rule 56(c) should be considered by the court when ruling on a motion for summary judgment. *Jones v. Menard,*, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977). In the present case, Hobbs admits that there has been no formal discovery in the case. All the Court has before it is Hobbs' unsworn statements about what he considers to be the evidence supporting his defenses, most importantly his lack of fraudulent intent. But unsworn statements do not qualify as affidavits and are not to be considered by the Court when ruling on a motion for summary judgment*. Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598 (1970). This is particularly important in cases involving alleged fraud which is fact intensive and requires the Court to determine the state of mind and intent of the alleged wrongdoer.

### VII. Conclusion

Summary judgment is not appropriate where the moving party fails to meet its initial burden of production under Rule 56(c), and "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160-61 (1970). As Defendant Hobbs has provided no *undisputed*, non-conclusory material

8

facts establishing he is entitled to judgment as a matter of law on the Plaintiff's claims, *Brian Hobbs' Motion for Summary Judgment Seeking an Order to Dismiss Plaintiff's Adversarial Complaint* [Adv. Doc. 29] is **Denied**.[7]

# # #

---

[7] In making this ruling, the Court is mindful that courts liberally construe the pleadings of individuals who proceed *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but the 10th Circuit "has repeatedly insisted that *pro se* parties 'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).